UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EUGENE WELLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02574-WTL-MPB |
| | ) | |
| D. ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY GRANTING UNOPPOSED MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Eugene Wells' amended petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as ISR 18-03-0351. The Indiana Department of Correction has vacated all sanctions associated with that proceeding and designated the case for rehearing. *See* Dkt. No. 14-1.

As such, the respondent now moves to dismiss the amended petition. Mr. Wells has not responded to the motion, and the time to do so has passed.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). To be considered "in custody" for purposes of a challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v.*

*United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

This action is now moot because disciplinary case number ISR 18-03-0352 no longer affects the fact or duration of Mr. Wells' custody. A moot case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 520 U.S. 1198 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

The respondent's motion to dismiss, Dkt. No. 14, is **granted**, and Mr. Wells' petition is **dismissed** for **lack of jurisdiction**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/8/2019

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

EUGENE WELLS
864423
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov